UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARIC JOHNSON,

    Petitioner

v.

JERRY HOWELL, et al.,

    Respondents

Case No.: 2:20-cv-01127-JAD-BNW

**Order Denying Petition for a Writ of Habeas Corpus**

[ECF No. 1-1]

### I.  Introduction

Aric Johnson brings this habeas petition under 28 USC § 2254 to challenge his conviction, after a guilty plea, for attempted possession of a stolen vehicle.[1] Having reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I deny the petition because it plainly appears that Johnson is not entitled to habeas relief.

### II.  Legal Standard

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

### III.  Procedural History

In state district court, Johnson agreed to plead guilty to one count of attempted possession of a stolen vehicle, which could be either a category D felony or a gross misdemeanor.[2] The

---

[1] ECF No. 1-1.

[2] *Id.* at 17.

prosecution retained the right to argue for a sentence.[3] The prosecution did not oppose Johnson's release on his own recognizance after entry of the plea.[4] Johnson stipulated that, should he fail to appear for any future court appearance or interview for his presentence investigation report, he would face a prison sentence with a minimum term of 19 months and a maximum term of 48 months.[5]

While Johnson was released on his own recognizance, he was arrested for three different crimes.[6] Johnson did not appear for his scheduled sentencing.[7] Johnson had been convicted of multiple felonies, and the prosecution filed a notice to seek adjudication as a habitual criminal.[8] The prosecution presented three certified judgments of conviction to the state district court.[9] The state district court adjudicated Johnson as a habitual criminal and sentenced him to prison for 25 years with eligibility for parole after a minimum of 10 years.[10]

## IV. Discussion

### A. Ground 1 plainly does not entitle petitioner to relief

In ground 1 Johnson alleges that "[w]hile working on private property in a gated community, officer took a key from a key chain in my pocket without a warrant or my

---

[3] *Id.*
[4] ECF No. 1-1 at 17.
[5] *Id.*
[6] *Id.* at 36–37.
[7] *Id.* at 51–53.
[8] *Id.* at 36. *See also* Nev. Rev. Stat. § 207.010.
[9] *Id.* at 37.
[10] *Id.* at 2.

permission claiming it belonged to a stolen U-Haul truck but in fact, it did not."[11]  For two reasons, ground 1 does not entitle Johnson to relief.

First, despite styling this as a claim under the Due Process Clause of the Fourteenth Amendment, the facts that Johnson alleges are more suited to a claim for unreasonable search and seizure, protected by the Fourth Amendment.  If Johnson had a full and fair opportunity to litigate this issue in state court, then he cannot pursue this claim in federal court.[12]  Johnson signed a written plea agreement.[13]  Johnson also pleaded guilty in open court.[14]  He waived certain constitutional rights when he pleaded guilty.  However, if he did not plead guilty, then he could have filed a motion to suppress in state court.  Johnson thus had a full and fair opportunity to litigate the Fourth Amendment claim in state court, and he may not pursue it in federal court.

Second, Johnson's plea of guilty was a break in the proceedings.  Johnson may not use habeas corpus to raise claims of constitutional violations that occurred before entry of the plea.[15] "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of effective assistance of counsel]."[16]

---

[11] *Id.* at 3 (citations omitted).

[12] *Stone v. Powell*, 428 U.S. 465, 494 (1976).

[13] ECF No. 1-1 at 35 (excerpt).

[14] *Id.* at 16–21.

[15] *See Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973).

[16] *Id.* at 267.

### B. Ground 2 plainly does not entitle petitioner to relief

In ground 2 Johnson alleges that he "had no adjudication hearing or given an opportunity to withdraw [his] plea."[17] Although Johnson did not attach the entire transcript of his sentencing, the excerpts that he did attach show that he had an adjudication hearing.[18] Johnson also had the opportunity before sentencing to move to withdraw his guilty plea.[19] So ground 2 plainly does not entitle Johnson to relief.

### C. Ground 3 plainly does not entitle petitioner to relief

In ground 3 Johnson alleges, "I had ineffective assistance of counsel starting with Mr. Steven Lisk in District Court who coerced me to sign a deal, lied to me about getting probation and other things and not representing me effectively in court."[20] However, Johnson himself stated that nobody was forcing him to plead guilty and that he was pleading guilty of his own free will.[21] Johnson also acknowledged that he understood that sentencing was entirely up to the court and that nobody could promise him probation.[22] Ground 3 plainly does not entitle Johnson to relief.

### D. A certificate of appealability will not issue

To appeal the denial of a petition for a writ of habeas corpus, a petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional

---

[17] ECF No. 1-1 at 5 (citations omitted).
[18] *Id.* at 36–39.
[19] Nev. Rev. Stat. § 176.165.
[20] ECF No. 1-1 at 7 (citations omitted).
[21] *Id.* at 18.
[22] *Id.* at 19.

right."[23]  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[24]

I find that reasonable jurists would not find this ruling debatable or wrong.  Ground 1 plainly does not entitle Johnson to relief based upon long-standing Supreme Court precedent. Ground 2 plainly does not entitle Johnson to relief based upon Johnson's own exhibits and state statutory law.  And ground 3 plainly does not entitle Johnson to relief based upon Johnson's own exhibits.  So I decline to issue a certificate of appealability.

## V. Conclusion

IT IS THEREFORE ORDERED that **the petition for a writ of habeas corpus [ECF No. 1-1] is DENIED, and a certificate of appealability will not issue.**

**The Clerk of Court is directed to:**

- File the petition [ECF No. 1-1];

- Enter judgment accordingly and close this case;

- Add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents and electronically serve upon him a copy of this order and the petition.  No response is necessary.

Dated: October 22, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[23] 28 U.S.C. §2253(c).

[24] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).